UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON OF THE FAMILY KNUTSON,<br><br>         Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF HUMAN SERVICES,<br><br>         Defendants. | Case No.: 1:17-cv-1209 - AWI - JLT<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Plaintiff contends the California Department of Human Services, Kern County Division of Child Support Customer Services, Jonathan Shugart, and Ralph McKnight are liable for due process violations related to child support orders. (*See* Doc. 1 at 1) Because Plaintiff fails to clearly allege facts to support a claim, the complaint is **DISMISSED** with leave to amend.

**I.     Screening**

The Court shall dismiss the case at any time if the Court determines that an action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

///

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III. Discussion and Analysis

Plaintiff fails to allege *any* facts in his complaint. Rather, the complaint is filled with legal argument and citations to case law, statutes, and *Black's Law Dictionary.* From this, the most the Court can glean is that Plaintiff is unhappy with the child support orders issued in Kern County Superior Court Case No. S-1501-FL-599021.[2] (*See* Doc. 1 at 18)

The court docket in Case No. S-1501-FL-599021 indicates the case was initiated in August 2006 for the dissolution of the marriage between Plaintiff and Lisa Knutson, which involved minor children. On July 26, 2016, the Honorable Ralph McKnight modified the child support order, and ordered Plaintiff "to pay the sum of $4,173.00 per month for the support" of the minor children.

In the spring of 2017, Plaintiff requested the modified child support order vacated. Jonathan Shugart represented the Department of Child Support Services at the hearing on April 3, 2017, and reported the Department was not served. The matter was continued, and in the interim Mr. Shugart conferred with both Plaintiff and Lisa Knutson. On June 20, 2017, Commissioner McKnight observed Plaintiff failed to appear at the hearing, and denied his motion "for lack of prosecution."

#### A. Due Process

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. In other words, to prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of

---

[2] The Court takes judicial notice of the dockets in the cases of Kern County Superior Court Case No. S-1501-FL-599021. The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The docket of the Kern County Superior Court is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd,* 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

3

a constitutional or federal right, and (2) the defendant acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). Here, Plaintiff contends the defendants are liable for violations of his due process rights.

The Due Process Clause of the Fourteenth Amendment provides, "No State shall. . . deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV* §1. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). Plaintiff fails to address clarify whether he believes the defendants are liable for a violation of his substantive due process rights or his procedural due process rights. Further, Plaintiff fails to identify a property interest or liberty protected by the Constitution, such that the Court may be able to determine the claim upon which Plaintiff seeks to proceed.

Given the lack of allegations concerning what actions were taken, by whom, and when, the Court is unable to find Plaintiff states a cognizable claim for a violation of his due process rights. Therefore, the claim must be **DISMISSED**.

### B. Judicial Immunity

The commissioner presiding over Plaintiff's case has absolute immunity. *Forrester v. White*, 484 U.S. 219, 225 (1988). The Ninth Circuit explained: "Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 693 F.2d 911, 913 (9th Cir. 1982)). Thus, the doctrine of judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225 (1988).

Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not

4

overcome by allegations of bad faith or malice"); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority"). Plaintiff has not set forth any allegations demonstrating that judicial immunity should not apply here, and defendant Ralph McKnight is entitled to absolute immunity for the orders issued related to Plaintiff's obligation to pay child support.

### C. The *Rooker-Feldman* Doctrine

Plaintiff challenges the rulings Commissioner McKnight related to the child support orders. Importantly, however, under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . ."). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

In this case, Plaintiff's request that the Court "terminate" the support order issued in Case No. S-1501-FL-599021 is a forbidden de facto appeal of the state court's order directing Plaintiff to pay child support. Indeed, the *Rooker-Feldman* doctrine bars federal review of state court decisions regarding proceedings in family court. *See, e.g., Moore v. County of Butte,* 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of her child custody proceedings were properly dismissed); *Ignacio v. Judges of U.S. Court of Appeals,* 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case"); *see*

5

1 | *also Oliver v. Owens*, 2013 U.S. Dist. LEXIS 159259 at *8-9 (E.D. Cal. Nov. 5, 2013) (finding the

2 | *Rooker-Feldman* doctrine prohibited review of "multiple improprieties related to a restraining order"

3 | issued by the state). Accordingly, the Court is unable to grant Plaintiff the relief requested under the

4 | *Rooker-Feldman* doctrine.

### IV. Conclusion and Order

Plaintiff fails to allege *any* facts to support his claim for a violation of due process. Thus, the Court is unable to determine whether leave to amend would be futile, and leave to amend should be granted. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a pro se complaint without leave to amend for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail and that an opportunity to amend would be futile).

Plaintiff will be given **one opportunity** to file an amended complaint to clearly identify the due process claim upon which he seeks to proceed and to allege facts in support of that claim. Plaintiff's amended complaint must bear the docket number assigned this case and must be entitled "First Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d at 1474; *King v. Atiyeh*, 814 F.2d at 567. Thus, after the First Amended Complaint is filed, the prior pleadings no longer serve any function in the case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Further, Plaintiff is advised that legal argument is not necessary and will be disregarded by the Court. The Court will only consider the *facts* alleged by Plaintiff in his First Amended Complaint, rather than any legal conclusions or arguments. If Plaintiff fails to identify a property interest or liberty from which he has been deprived, the Court will find he is unable to state a claim for a violation of his due process rights, and the action will be dismissed.

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's complaint is **DISMISSED with leave to amend**; and;

2. **Within thirty days** from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

///

**If Plaintiff fails to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **September 12, 2017**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE