**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JON OF THE FAMILY KNUTSON, | ) Case No.: 1:17-cv-01209 - AWI-JLT |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT |
| v. | ) PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND |
| CALIFORNIA DEPARTMENT OF HUMAN SERVICES, et al. | ) FAILURE TO PROSECUTE |
| Defendants. | ) |

Plaintiff alleges the California Department of Human Services, Kern County Division of Child Support Customer Services, Jonathan Shugart, and Ralph McKnight are liable for due process violations related to child support orders. (*See* Doc. 1) However, Plaintiff has failed to prosecute this action by filing an amended complaint as ordered by the Court. (Doc. 2) Accordingly, it is hereby recommended that the action be **DISMISSED** without prejudice for failure to prosecute and failure to comply with the Court's orders.

**I.      Relevant Background**

Plaintiff initiated this action by filing a complaint on September 8, 2017. (Doc. 1) The Court reviewed the complaint, and found Plaintiff failed "to allege *any* facts to support his claim for a violation of due process." (Doc. 2 at 6, emphasis in original) Further, the allegations were insufficient to determine whether this Court has jurisdiction over Plaintiff's claims, or whether the claims were barred by the *Rooker-Feldman* doctrine. (*Id.* at 5) Therefore, the Court dismissed the complaint with

leave to amend, advising Plaintiff: "If Plaintiff fails to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order." (*Id.* at 7, emphasis omitted).

Plaintiff failed to file an amended complaint as ordered. Therefore, the Court issued an order to show cause on October 19, 2017, directing Plaintiff "to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order and failure to prosecute, or in the alternative, to file an amended complaint." (Doc. 3 at 2) To date, Plaintiff has failed to comply with the Court's order and has not taken any other action to prosecute the matter.

## II.      Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.      Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

///

### A.    Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B.    Prejudice to Defendant

To determine whether the defendant suffers prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken any action to further prosecute the action, despite being ordered by the Court to do so. Accordingly, this factor weighs in favor of dismissal.

### C.    Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Plaintiff in the order dismissing his complaint with leave to amend: "**If**

**Plaintiff fails to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**." (Doc. 2 at 7, emphasis in original)  Again in the order to show cause, the Court warned Plaintiff that the action could be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 3 at 2)  Significantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41.  *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction).  Accordingly, the warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.     Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV.     Findings and Recommendations

Plaintiff failed to comply with orders dated September 12, 2017 (Doc. 2) and October 19, 2017 (Doc. 3) despite receiving warnings that the action may be dismissed for failure to comply with the Court's orders.  In doing so, Plaintiff has also failed to take any action to prosecute this action.

Based upon the foregoing, the Court **RECOMMENDS**:

1.     This action be **DISMISSED** without prejudice; and

2.     The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 7, 2017**              **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE